UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RYAN THOMAS HOCK,

          Plaintiff,

v.

DEPARTMENT OF HEALTH AND
HUMAN SERVICES,

          Defendant.

Case No. 22-CV-668-JPS

**ORDER**

On June 7, 2022, Ryan Thomas Hock ("Plaintiff"), proceeding pro se, filed this action, alleging that the Department of Health and Human Services ("DHHS") violated his constitutional rights. ECF No. 1. Plaintiff also filed a motion for leave to proceed without prepaying the filing fee, ECF No. 2, and a motion for a permanent injunction, ECF No. 3. This Order screens Plaintiff's complaint.

1.     **MOTION TO PROCEED IN FORMA PAUPERIS**

On the question of indigence, although Plaintiff need not show that he is totally destitute, *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980), the privilege of proceeding *in forma pauperis* "is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

In his motion, Plaintiff avers that he is unemployed and unmarried. ECF No. 2 at 1. He has no dependents. *Id.* His monthly income totals $895 from disability and Social Security benefits. *Id.* at 2. His monthly expenditures total approximately $895. *Id.* at 2–3. His owns no car; his

savings is valued at just over $400. *Id.* at 3–4. The Court accepts that Plaintiff is indigent. However, the inquiry does not end there; the Court must also screen the action.

**2.  SCREENING STANDARDS**

Notwithstanding the payment of any filing fee, when a plaintiff requests leave to proceed *in forma pauperis*, the Court must screen the complaint and dismiss it or any portion thereof if it raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (internal citation omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff."

*Kubiak*, 810 F.3d at 480–81. However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678) (internal bracketing omitted).

### 3. RELEVANT ALLEGATIONS

Plaintiff alleges that DHHS improperly instituted "Chapter 51" proceedings against Plaintiff. ECF No. 1 at 2. Chapter 51 of the Wisconsin Statutes "sets forth procedures by which individuals who suffer from [certain] conditions may be involuntarily committed for treatment under certain circumstances." *Matter of Commitment of A.A.*, No. 2019AP839, 2021 WL 1378979, at *3 (Wis. Ct. App. Apr. 13, 2021), *appeal decided*, *Matter of Commitment of A.A.*, 964 N.W.2d 543 (Wis. Ct. App. 2021) (Table). Plaintiff alleges that DHHS attempts to treat him with antipsychotics for symptoms that he does not have, including hearing voices and having visual hallucinations. *Id.* at 3. Plaintiff believes that such medications would be ineffective even if he suffered from such symptoms. *Id.*

Plaintiff lists his specific causes of actions as follows:

(1) DHHS forced Plaintiff to take medications that worsen his health, rather than improve it;

(2) DHHS has subjected Plaintiff to lengthy, sometimes indefinite, confinements without the right to be released on bond; Plaintiff states that he has been confined without being charged with a crime;

(3) DHHS has used antipsychotics to silence witnesses and whistleblowers;

(4) DHHS has caused diabetes, dementia, and other illnesses (including early death);

(5) DHHS has committed human trafficking and slavery in violation of the 13th Amendment;

(6) DHHS has used Chapter 51 to impair contracts (e.g., credit cards and leases);

(7) DHHS uses Chapter 51 to "obstruct justice;"

(8) Plaintiff discusses a time in which his landlord demanded entrance into Plaintiff's living space without notice. Plaintiff believes that the landlord "unilaterally" made Plaintiff the subject of Chapter 51 proceedings. Plaintiff also discusses that the landlord used pesticides to treat bedbugs, which exposed Plaintiff to toxic fumes. It appears that another resident of Plaintiff's apartment developed tumors and died. Plaintiff would like the landlord to be prosecuted and for Plaintiff to be awarded a health saving account for treatment of the "inevitable" health problems he will experience; and

(9) Since August 2017, DHHS has been harassing Plaintiff with the intent to kill him; DHHS continues to assault Plaintiff; DHHS forces Plaintiff to take antipsychotic medications that make it impossible for Plaintiff to defend himself.

Plaintiff concludes that DHHS has become the most powerful government agency in all fifty states. Plaintiff alleges that DHHS requires local police to act on its behalf. Plaintiff states that DHHS threatens the "security of a free state" and is likely to cause a civil war. Plaintiff does not claim to know why DHHS is taking these alleged actions and hopes to obtain answers via this litigation. As relief, Plaintiff asks the Court to dissolve DHHS.

4.   **ANALYSIS**

First, the Court notes that Plaintiff is likely attempting to bring his suit against the Wisconsin Department of Health and Human Services ("WDHHS")—not that of the United States. Although Plaintiff discusses that "DHHS" is at work across the whole country, the cognizable claims in Plaintiff's complaint concern those actions that occurred in Wisconsin pursuant to Chapter 51, a Wisconsin law.

Importantly, "[o]nly 'a person' can be liable in a 1983 action." *Payne v. Stacy*, No. 18-CV-850, 2020 WL 886185, at *5 (E.D. Wis. Feb. 24, 2020), *appeal dismissed*, No. 20-1509, 2020 WL 5793102 (7th Cir. June 12, 2020) (quoting 42 U.S.C. § 1983 ("*Every person* who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia . . . .") (emphasis added)). For purposes of § 1983, a state agency is not considered a person and, accordingly, is protected by the Eleventh Amendment. *Id.* Additionally, a state official, acting in their official capacity, is also not a person for purposes of § 1983 *unless* a plaintiff is seeking prospective injunctive relief. *Id.* Here, Plaintiff seeks, in part, injunctive relief against the WDHHS. The Court will allow Plaintiff to proceed on his injunctive-relief claim against the Secretary of the WDHHS in their official capacity.[1]

At the screening stage, it appears that Plaintiff has alleged a few additional cognizable claims. The Court will allow Plaintiff to proceed on claims of unlawful arrest and false imprisonment, as he alleges that he was taken into custody without a warrant or cause. Plaintiff may proceed on

---

[1] On the docket, the Court will replace DHHS with the Secretary of WDHHS.

due process claims, as he alleges that he was confined without notice or opportunity to be heard and that he was similarly forced to take medications. Plaintiff may proceed on a claim of excessive force, as he alleges that he was forced to take medications by use of violence. Plaintiff may proceed on tort claims of assault and battery for incidents stemming from his being required to take unwanted medications. At this stage, the Court will add "John/Jane Does, employees of the Wisconsin Department of Health and Human Services" as defendants in this matter. If Plaintiff wishes to preemptively amend his complaint to individually name the John/Jane Does, the Court will give him opportunity to do so upon request. However, discovery will reveal these names.

Plaintiff will not be permitted to maintain claims against his landlord. The events surrounding pest control appear to be unrelated to the present suit, and Plaintiff has alleged that he believes he will *inevitably* fall ill from the landlord's actions—not that he has already experienced a harm. Plaintiff will not be permitted to bring general allegations against DHHS for silencing witnesses, human trafficking, and obstruction of justice, as these claims appear to encompass Plaintiff's general concerns about DHHS, not direct harms that happened to him.

Likely, the defendants in this case will bring defenses to the present suit, including arguments for immunity, jurisdictional deficiencies, abstention, and the other host of legal doctrines available in 42 U.S.C. § 1983 actions. At the screening stage, however, the Court will allow Plaintiff's case to continue.

Finally, Plaintiff filed a motion for a permanent injunction. ECF No. 3. Without the Secretary of the WDHHS here to defend themselves, and with only the benefit of Plaintiff's allegations, the Court is not prepared to

grant such a request. At this juncture, the Court declines to address Plaintiff's motion.

## 5. CONCLUSION

For the reasons stated herein, Plaintiff may proceed on some of his claims. Whether the facts bear out these claims, or whether the defendants have any procedural or substantive defenses, must be determined at a later date.

Federal Rule of Civil Procedure 4(c)(3) provides that the Court must order service by the U.S. Marshals Service if a plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915. *See Williams v. Werlinger*, 795 F.3d 759, 760 (7th Cir. 2015). Congress requires the U.S. Marshals Service to charge a fee for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for service by mail is $8.00 per item mailed; for process served personally by the U.S. Marshals Service, the fee is $65 per hour. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the Court to order service by the U.S. Marshals Service because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. Thus, the Court will allow Plaintiff to elect, within **fourteen (14) days**, whether he desires service by the U.S. Marshals Service or whether he will obtain service of his own accord (or whether he wishes to amend prior to service). If Plaintiff wants to effect service himself, he should simultaneously file a request for the Clerk of the Court to issue a service packet to him.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis*, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that, on the docket, the Clerk of Court replace the "Department of Health and Human Services" with "the Secretary of the Wisconsin Department of Health and Human Services," and add "John/Jane Does, as affiliated with the Wisconsin Department of Health and Human Services" to the list of Defendants; and

**IT IS FURTHER ORDERED** that Plaintiff shall file, within **fourteen (14) days**, a notice indicating which method of service he desires.

Dated at Milwaukee, Wisconsin, this 17th day of June, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge