# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RYAN THOMAS HOCK,<br><br>           Plaintiff,<br><br>v.<br><br>SECRETARY OF THE WISCONSIN DEPARTMENT OF HEALTH AND HUMAN SERVICES and JOHN/JANE DOES, *as affiliated with* THE WISCONSIN DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>           Defendants. | Case No. 22-CV-668-JPS<br><br>**ORDER** |

Before the Court are Plaintiff's motions for leave to amend his pro se complaint and to amend/correct the Court's June 17, 2022, screening order. *See* ECF Nos. 4, 9. For the reasons that follow, the Court will deny in its entirety Plaintiff's motion to amend/correct the Court's screening order, and will grant in part and deny in part Plaintiff's motion to amend his pro se complaint.

**1.    PROCEDURAL HISTORY**

Plaintiff originally filed this action on June 7, 2022, alleging various claims against the Wisconsin Department of Health and Human Services ("WDHHS"). ECF No. 1. As relief, Plaintiff seeks the dissolution of the WDHHS. The Court screened the complaint and allowed Plaintiff to "proceed on his injunctive-relief claim against the Secretary of the WDHHS in their official capacity," as well as on "claims of unlawful arrest and false imprisonment," "due process claims," "a claim of excessive force," and

"tort claims of assault and battery for incidents stemming from his being required to take unwanted medications." ECF No. 4 at 5–6. The Court also ordered that "John/Jane Does, employees of the Wisconsin Department of Health and Human Services" be listed as Defendants in this matter and granted Plaintiff the opportunity to "amend his complaint to individually name the John/Jane Does." *Id*. at 6. The Court also clarified that it would replace DHHS with the Secretary of WDHHS as that appeared to be the correct party against whom Plaintiff's claim was directed. ECF No. 4 at 5, n.1.

The Court declined to allow Plaintiff to proceed on various other claims on grounds including frivolity and lack of standing. The Court did not permit Plaintiff to maintain "claims against his landlord" as the events alleged appeared to be unrelated to the present suit and involved a speculative anticipation of harm rather than actual imminent or past harm. ECF No. 4 at 6. The Court also disallowed Plaintiff from bringing claims against DHHS for "silencing witnesses, human trafficking, and obstruction of justice, as these claims appear to encompass Plaintiff's general concerns about DHHS" rather than any direct harm he personally experienced. *Id*.

On July 5, 2022, Plaintiff filed a combined motion to amend/correct the screening order and to amend his complaint to add various defendants to the action. ECF No. 9. The Court considers those motions as follows.

## 2. ANALYSIS

### 2.1 Motion to Amend/Correct Screening Order

In Plaintiff's combined motion, Plaintiff lists the claims that the Court, in its screening order, declined to allow to proceed and requests that they be "reconsidered." ECF No. 9 at 1.

Plaintiff does not couch his request for reconsideration in terms of any specific rule, so the Court must first determine under which standard to evaluate the request. Rule 59(e) of the Federal Rules of Civil Procedure states that motions "to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Rule 60(b) states that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for various enumerated reasons or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). The Court's screening order is not a final order, nor is it any kind of judgment. The Court therefore looks to Rule 54(b). Rule 54(b) permits any nonfinal decision or order to be revised any time before the entry of judgment. Motions made under that rule are, in other words, more accurately described as motions to revise. *Abdullah v. Wis. Dep't of Corr.*, No. 04C1181, 2007 U.S. Dist. LEXIS 38146, at * 3 (E.D. Wis. May 23, 2007).

Rule 54(b) motions are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e)—"to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at *3–4 (citing *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987)). They are not intended to allow parties to relitigate old issues or to advance new theories. *Wolfe v. Grams*, No. 5-C-85, 2006 U.S. Dist. LEXIS 54135, at *3 (E.D. Wis. July 20, 2006). Such motions are appropriate in limited circumstances, such as where the Court has "patently

misunderstood a party," "has made a decision outside the adversarial issues presented to the Court," "has made an error not of reasoning but of apprehension," or where there has been a "controlling or significant change in the law or facts since the submission of the issue to the Court." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

Plaintiff has not demonstrated any of the above circumstances in connection with the claims that were disallowed at screening.

### 2.1.1 Claims Against Plaintiff's Landlord and Use of Pesticides

In his complaint, Plaintiff alleged that his landlord had "demanded entrance into Plaintiff's living space without notice" and "'unilaterally' made Plaintiff the subject of Chapter 51 proceedings." ECF Nos. 1, 4 at 4. Plaintiff also alleged that the landlord used pesticides to treat bedbugs, exposing Plaintiff to toxic fumes. Plaintiff referenced the alleged death by tumors of a previous tenant of the apartment as support for these allegations and sought relief for the "inevitable" health problems he anticipated. *Id*. In its screening order, the Court declined to allow Plaintiff to maintain these claims against his landlord because they appeared to be either unrelated to the remainder of the suit or to involve only speculative, potential harm. ECF No. 4 at 6.

Plaintiff now argues that the claims against his landlord are relevant because of his landlord's "private business contracts with the county DHHS." ECF No. 9 at 1. This information appears to be provided by Plaintiff to support Plaintiff's allegation that his landlord had "unilaterally" made Plaintiff the subject of Chapter 51 proceedings. *See* ECF No. 4 at 4. Plaintiff states in his motion that his landlord used "Ch.51 and the DHHS to commit and cover-up his own law-breaking and criminal activities." ECF

No. 9 at 2. He further states that "it is relevant to bring actions against [his landlord] if only to stop him from recklessly endangering any more lives." *Id*.

These additional assertions by Plaintiff have not clarified anything for the Court, nor do they bolster the viability of the claim. Plaintiff has not demonstrated that he is entitled to the rare relief afforded under Rule 54(b). Even if the facts provided to the Court constitute new evidence, Plaintiff has not shown that they could not with reasonable diligence have been discovered and produced initially. *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Furthermore, these harms alleged by Plaintiff remain anticipatory and speculative.[1]

Consequently, Plaintiff has not demonstrated an entitlement to relief under Rule 54(b). The Court will therefore deny his motion for reconsideration to the extent that it seeks relief from the screening order regarding his landlord's alleged participation in Plaintiff's commitment under Chapter 51.

As to the claim regarding the alleged use of pesticides, Plaintiff also now argues that the landlord's manner in using the pesticides to solve the bedbug problem constituted the use of "chemical weapons against a civilian population" and an "act of terrorism." ECF No. 9 at 2. He claims that this violated his rights to be "secure in person, property and residence"

---

[1]Furthermore, Plaintiff's reference to the necessity of stopping his landlord from "recklessly endangering any more lives" raises a redressability concern for purposes of standing. Standing in federal court requires that a favorable decision by the court would redress the injury suffered by the Plaintiff. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992). Preventing his landlord from "recklessly endangering any more lives" would do nothing to redress injury—if one even exists—that Plaintiff suffered by his landlord.

as well as those to "life, liberty and the pursuit of happiness." *Id*. Plaintiff additionally alleges in his motion that the landlord's "illegal use of pesticides in a manner that endangers human life . . . caused [his] cat to die . . . ." *Id*. at 4.

Although Plaintiff's cat's death from his landlord's pesticide use would constitute an injury-in-fact for purposes of standing, the Court's observation that the landlord's pest control practices and any alleged harms resulting therefrom appeared "unrelated to the present suit" remains true. ECF No. 4 at 6. The death of Plaintiff's cat has nothing to do with the remaining claims against the WDHHS and therefore cannot be considered in conjunction with those claims. Furthermore, it could not be brought separately and independently by Plaintiff in this Court because nothing indicates that the Court has subject matter jurisdiction over that issue. Such a claim would not be supported by federal question jurisdiction, nor has Plaintiff demonstrated that the Court has diversity jurisdiction under 28 U.S.C. § 1332 to hear that claim.

As to the remainder of the claim regarding the landlord's alleged use of pesticides, any alleged harm Plaintiff may have personally suffered remains entirely speculative and certainly not imminent for purposes of standing in federal court. *See Lujan,* 504 U.S. at 560 ("[T]he plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized . . . and 'actual or imminent, not "conjectural" or "hypothetical"'"). No additional facts have been provided suggesting that Plaintiff has standing to bring this claim. The original flaw with this claim remains, and no appropriate circumstance has been demonstrated to warrant relief under Rule 54(b). Therefore, the Court will

Page 6 of 16
Case 2:22-cv-00668-JPS    Filed 09/06/22    Page 6 of 16    Document 11

deny Plaintiff's claim for reconsideration of the screening order to the extent that it seeks reconsideration of the claims against the landlord—pesticide-related or otherwise.

### 2.1.2 Claim Regarding Silencing Witnesses

Plaintiff was not permitted to bring general allegations against DHHS for silencing witness "as these claims appear to encompass Plaintiff's general concerns about DHHS, not direct harms that happened to him." ECF No. 4 at 6. This issue remains despite Plaintiff's provision of additional information in his motion.

Plaintiff states in his motion that he has been "silenced from testifying in courts of law as to the numerous felonies [he has] witnessed." ECF No. 9 at 2. He alleges that various institutions (Winnebago Mental Health Institute, Waukesha County Mental Health Center, and Columbia St. Mary's in Mequon, WI) committed crimes against patients, although he does not allege any such crime committed against himself personally. Instead, he states that a "[w]oman with diabetes" and a "[m]an with diabetes" almost died at Waukesha County Mental Health Center due to the Health Center's actions and/or omissions. *Id*. He claims that the Winnebago Mental Health Institute targeted African Americans with a drug that shrinks the brain, and that the Health Institute "presumably" uses antipsychotics in the children's ward to "cause diseases of the metabolism and to prevent brain development." *Id*. He also alleges that Columbia St. Mary's in Mequon, WI "weaponized" the use of specific drugs and electroshock procedures to prevent "persons" from speaking in their own defense. *Id*. at 3. Plaintiff describes a "[w]oman named Grace [who] was electroshocked," a "[w]oman named Diane who was . . . forced to take drugs," and a man who was "chemically lobotomized" by nurses and

security guards at the facility. *Id*. Again, the events described by Plaintiff appear not to have been experienced by him personally, but instead allegedly experienced by others.

Plaintiff has failed to demonstrate a sufficient justification for relief under Rule 54(b), and so the Court will deny his motion for reconsideration to the extent that it seeks relief from the Court's screening order regarding the silencing of witnesses claim. The Court reminds Plaintiff that, pursuant to its screening order, Plaintiff remains free to proceed on claims of excessive force and tort claims of assault and battery for incidents relating to his being personally forced to take unwanted medications. ECF No. 4 at 6.

### 2.1.3   Claim Regarding Human Trafficking

The Court also declined to allow Plaintiff to proceed with his allegations of human trafficking, again because it appeared that this was a "general allegation[] against DHHS" rather than a "direct harm[] that happened to him." ECF No. 4 at 6. That claim appeared to have alleged that DHHS committed "human trafficking and slavery in violation of the 13th Amendment" and that he was subjected to "lengthy, sometimes indefinite, confinements . . . without being charged with a crime." *Id*. at 4, 6.

In his motion, Plaintiff now claims that he himself was "human trafficked and sold into slavery" by being "used against [his] will by involuntary psychiatrists for financial gain at the expenses of [his] health and life." ECF No. 9 at 3. He states that he is "treated like property by the DHHS and related entities/persons." The remainder of the information provided by Plaintiff's motion as to the human trafficking and slave labor claim relates to conduct allegedly experienced by other individuals, rather than to Plaintiff himself. Setting aside the recounting of experiences

allegedly belonging to others, which cannot form the basis of Plaintiff's claims, Plaintiff appears merely to have emphasized that his being treated like property constitutes slavery and human trafficking for purposes of the Thirteenth Amendment.

Plaintiff's elaboration on this issue does somewhat rebut the Court's previous finding that this claim could not proceed because it referred to a general issue with DHHS rather than something personally experienced by Plaintiff. But the fact remains that relief from an order under Rule 54(b) is available only in limited circumstances. Plaintiff's own failure to provide facts necessary to validate his claim in his complaint is not one of those circumstances since Plaintiff has not claimed he was previously unable to discover or produce those facts.

It is true that the Court is obliged to give Plaintiff's pro se allegations, "'however inartfully pleaded,'" a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But this does not mean that the Court must allow pro se plaintiffs to proceed on claims lacking "facial plausibility." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Pro se plaintiffs are not necessarily excused from complying with procedural rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). The Court therefore will not depart from its conclusion in the screening order and will not allow Plaintiff to proceed with this claim.

Furthermore, because this claim does not demonstrate facial plausibility, granting leave to amend would be futile in this instance. *See Gawf v. Cnty. of San Benito*, No. C12-00220 HRL, 2013 U.S. Dist. LEXIS 49173, at *17 (N.D. Cal. Mar. 31, 2013) ("Mere detention without the imposition of labor is not 'involuntary servitude.'")

### 2.1.4  Claim Regarding Obstruction of Justice

In the Court's screening order, Plaintiff's "obstruction of justice" claim was not permitted, again because it did not appear to encompass "direct harms that happened to him." ECF No. 4 at 6. In his motion, Plaintiff requested reconsideration regarding that claim, writing that the "sum total meaning of [all events described] is obstruction of justice to cover up and continue practices that are outright treasonous." ECF No. 9 at 3. He stated further that "therefore any obstruction of me (i.e., involuntary medication order) is an obstruction of justice." *Id.* Again, these additional sentences have not clarified the claim for the Court, nor bolstered its validity. Plaintiff's failure to provide sufficient supporting facts in his complaint to validate this claim do not warrant relief under Rule 54(b), and again, granting leave to amend in this instance would be futile as this claim lacks facial plausibility.

The Court will therefore not allow Plaintiff to reinstate any of the above four claims/category of claims. Plaintiff remains free to pursue the claims that the Court, in its screening order, allowed Plaintiff to proceed with.

### 2.2 Motion to Amend Complaint to Add Defendants

Although it is not entirely clear, Plaintiff's motion also appears to attempt to add various defendants. At the beginning of his motion, Plaintiff lists as proposed Defendants the following:

- "Office of the Secretary (OS) of the Wisconsin Department of Health Services (WDHS)"
- "Division of Care and Treatment (DCTS) of the WDHS"
- "Any Federal DHHS or equivalent official(s) that has the potential to violate any provision of my Advance Directive / Power of Attorney for Healthcare Document and/or violate any of my constitutional rights"
- "Private Hospital Security staff and 'Nurses' who use violence;" and
- "Any involuntarily assigned medical provider in violation of my advance directive/power of attorney for healthcare past, present, and future."

ECF No. 9 at 1. The Court in its screening order authorized the replacement of DHHS with the Secretary of WDHHS, but the remainder of the persons and entities listed appear to be new Defendants that Plaintiff seeks to add. The Court must therefore analyze whether Plaintiff should be granted leave to amend his complaint to include those persons and/or entities as Defendants.

As a general matter, "Rule 15 ordinarily requires that leave to amend be granted at least once when there is a potentially curable problem with the complaint or other pleading." *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). The Federal Rules of Civil Procedure and the local rules governing the amendment of pleadings require a litigant who seeks to

amend a pleading as a matter of course to "reproduce the entire pleading as amended." Civil L.R. 15(a).

Additionally, the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a court may deny leave to amend a filed complaint in the case of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007). Such denials of a motion for leave to file an amended complaint, however, are disfavored. *Id.*

As to the newly listed persons and entities, Plaintiff does not appear to have asserted any facts to support any theory of liability against those persons and entities. It is not clear if the alleged events described in either Plaintiff's original complaint or those described additionally in Plaintiff's motion are attributable to the "Division of Care and Treatment Services (DCTS) of the WDHS," "Any Federal DHHS or equivalent official(s) that has the potential to violate any provision of my Advance Directive / Power of Attorney for Healthcare Document and/or violate any of my constitutional rights," "Private Hospital Security staff and 'Nurses' who use violence," or "Any involuntarily assigned medical provider in violation of my advance directive/power of attorney for healthcare past, present, and future." ECF No. 9 at 1.

For Plaintiff's guidance, the Court will also reiterate what it stated in its screening order regarding proper defendants. "For purposes of § 1983, a state agency is not considered a person and, accordingly, is protected by the Eleventh Amendment." *Id*. Additionally, a state official, acting in their

official capacity, is also not a person for purposes of § 1983 unless a plaintiff is seeking prospective injunctive relief. *Payne v. Stacy*, No. 18-CV-850, 2020 WL 886185, at *5 (E.D. Wis. Feb. 24, 2020), *appeal dismissed*, No. 20-1509, 2020 WL 5793102 (7th Cir. June 12, 2020) (quoting 42 U.S.C. § 1983). In other words, Plaintiff cannot successfully bring a claim for monetary relief (rather than injunctive relief) against any state entity or state official in their official capacity. If Plaintiff is aware of specific individuals employed by any of these entities, Plaintiff may consider adding them as defendants to be sued in their individual, rather than official, capacities. This concern is applicable to Plaintiff's attempt to add as a defendant "Division of Care and Treatment Services (DCTS) of the WDHS:" DCTS of the WDHS is a state entity that cannot be directly sued in federal court for monetary relief. Plaintiff may still properly seek injunctive relief (requesting that the entity do or refrain from doing something) against this party and/or may consider suing specific individuals employed by DCTS of the WDHS who harmed him. The Court will grant Plaintiff leave to amend his complaint regarding DCTS of the WDHS, bearing this paragraph in mind.

As to Plaintiff's attempt to add as defendants "[a]ny involuntarily assigned medical provider in violation of my advance directive/power of attorney for healthcare past, present, and future" and "[a]ny Federal DHHS or equivalent official(s) that has *the potential to violate* any provision of my Advance Directive / Power of Attorney for Healthcare Document and/or violate any of my constitutional rights," however, the Court will not allow Plaintiff to add these defendants. *See* ECF No. 9 at 1 (emphasis added). It would be "futil[e]" to grant leave to amend for this purpose. *Bausch*, 630 F.3d at 562. Plaintiff (for reasons discussed previously in this Order) cannot

bring claims against parties for harms that have not occurred and are not imminently anticipated to occur.

As to "Private Hospital Security staff and 'Nurses' who use violence," Plaintiff, in his proposed amended complaint should he choose to prepare and file one, should identify these individuals specifically if they are known to him. Otherwise, their identities may properly be identified during discovery. Plaintiff is granted leave to include these persons in his amended complaint.

### 3. CONCLUSION

In sum, Plaintiff will be granted leave to file a proposed amended complaint in accordance with this Order. The Court is enclosing a copy of its amended complaint form and instructions. Plaintiff should not make any further attempts to list as defendants any of those individuals or entities that the Court has already disallowed Plaintiff from including as named defendants in this action. Moving forward, Plaintiff will not be allowed to add and retract in piecemeal style components to his complaint. *See Brown v. Uhl,* No. 22-CV-131-JPS, 2022 U.S. Dist. LEXIS 136801, at * 3 (E.D. Wis. Aug. 2, 2022) (citing *Vicom, Inc. v. Harbridge Merchant Servs., Inc.,* 20 F.3d 771, 775–76 (7th Cir. 1994) ("Complaints may not be amended in a piecemeal fashion; the proposed amended complaint must be complete and set forth all claims against all defendants in one document."). To comply with this Order, if Plaintiff chooses to move forward with this action, Plaintiff needs to submit a proposed amended complaint which contains all the relevant facts and lists all Defendants that Plaintiff seeks to bring claims against (as agreed upon by the Court in this Order and its previous screening order)—*all in one document*. Plaintiff's amended complaint must be accompanied by supporting facts regarding actions taken by those

defendants *against Plaintiff personally*. Plaintiff must provide sufficient facts for the Court to conclude that the defendants sought to be added have committed conduct against Plaintiff personally, in violation of Plaintiff's rights under federal law.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to amend his complaint, ECF No. 9, be and the same is hereby **GRANTED** to the extent that it seeks to add as defendants the "Division of Care and Treatment Services (DCTS) of the WDHS" and "Private Hospital Security staff and 'Nurses' who use violence";

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to amend his complaint, ECF No. 9, be the same is hereby **DENIED** to the extent that it seeks to add as defendants "Any involuntarily assigned medical provider in violation of my advance directive/power of attorney for healthcare past, present, and future" and "Any Federal DHHS or equivalent official(s) that has the potential to violate any provision of my Advance Directive/Power of Attorney for Healthcare document and/or violate any of my constitutional rights";

**IT IS FURTHER ORDERED** that Plaintiff's motion for reconsideration of the Court's dismissal of various claims in its June 17, 2022 screening order, ECF No. 4. be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff has **twenty-eight (28) days** from the date of this Order by which to file an amended complaint in compliance with this Order;

**IT IS FURTHER ORDERED** that the 90-day deadline proscribed by Rule 4(m) to serve a complaint after its filing is tolled pending Plaintiff's

submission of, and the Court's screening of, a proposed amended complaint; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank non-prisoner amended complaint form and a copy of the guide entitled "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 6th day of September, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge