# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RYAN THOMAS HOCK,

    Plaintiff,

v.

SECRETARY OF THE WISCONSIN DEPARTMENT OF HEALTH AND HUMAN SERVICES and JOHN/JANE DOES, *as affiliated with* THE WISCONSIN DEPARTMENT OF HEALTH AND HUMAN SERVICES,

    Defendants.

Case No. 22-CV-668-JPS

**ORDER**

Before the Court is Plaintiff Ryan Thomas Hock's ("Plaintiff") motion for a permanent injunction. ECF No. 3. For the reasons discussed herein, the Court will deny the motion. Further, Plaintiff has failed to amend his complaint in accordance with the Court's September 6, 2022 order, ECF No. 11. Accordingly, the Court will order the U.S. Marshals Service to serve Defendants with Plaintiff's complaint, so that the claims stated therein which survived screening may proceed. *See* ECF No. 4.

1.    **BACKGROUND**

Plaintiff filed this action on June 7, 2022, alleging various claims against the Wisconsin Department of Health and Human Services ("WDHHS"). ECF No. 1. That same day, Plaintiff also filed a motion for a permanent injunction. ECF No. 3. On June 17, 2022, the Court screened Plaintiff's complaint and permitted certain claims to proceed. ECF No. 4. On September 6, 2022, the Court granted Plaintiff leave to amend his

complaint and denied his motion for reconsideration of the Court's previous screening order. ECF Nos. 9, 11. On October 3, 2022, the Court extended Plaintiff's deadline to file an amended complaint to November 4, 2022. Plaintiff has not filed an amended complaint, but he has communicated that he anticipates difficulty in conforming an amended complaint to the requirements provided in the Court's screening order. ECF No. 13.

### 2. PERMANENT INJUNCTION

In his motion for a permanent injunction, Plaintiff requested that the Court order the Waukesha County Department of Health and Human Services ("DHHS") to not administer antipsychotics to Plaintiff by injection or other means. ECF No. 3. He also argued that Waukesha County DHHS needed to be "stopped from issuing arrest/detainment order(s)" against Plaintiff and needed to be ordered to stop threatening Plaintiff's life. *Id*. Plaintiff additionally asserted that he needs to "not be deprived of [his] ADD medication." *Id*.

The standard for a permanent injunction is similar to that for a preliminary injunction. The standard for a preliminary injunction is as follows: (1) the party seeking the injunction has a reasonable likelihood of success on the merits, (2) there is no adequate remedy at law, (3) irreparable harm will occur without the injunction, (4) the harm that will occur to the moving party if no injunction issues outweighs the harm the injunction will cause to the nonmoving party, and (5) the injunction will not harm the public interest. *Diamond Blade Warehouse, Inc. v. Paramount Diamond Tools, Inc.*, 420 F. Supp. 2d 866, 872 (N.D. Ill. 2006) (internal citation omitted). For a permanent injunction, the plaintiff must prove actual success on the merits rather than the likelihood of success on the merits. *Id*.

Plaintiff has shown neither a likelihood of success on the merits nor actual success on the merits. The Court granted Plaintiff until November 4, 2022 to file an amended complaint in compliance with its screening order. He has not done so. Entitlement to a permanent injunction requires a showing of actual success on the merits, but Plaintiff still struggles to comply with basic pleading requirements to get his claims properly before the Court. Nor has Plaintiff shown that the injunction would be in the public interest. Based on Plaintiff's initial complaint, the Court cannot conclude at this time that Plaintiff meets the stringent requirements for a permanent injunction.

3. **SERVICE**

In light of Plaintiff's failure to amend his complaint pursuant to the Court's September 6, 2022 order, ECF No. 11, Plaintiff's initial complaint remains the operative pleading. The Court will now order that the U.S. Marshals Service serve a copy of the complaint on Defendants so that this action can proceed. *See* ECF No. 8 (indicating Plaintiff's preference for service by the U.S. Marshals Service). As detailed in the Court's June 17, 2022 screening order, Plaintiff may proceed against the Secretary of WDHHS and/or the John/Jane Does affiliated with WDHHS on his claims for unlawful arrest and false imprisonment, his due process claims, his claim of excessive force, and his tort claims of assault and battery. ECF No. 4 at 5–6. Without an amended complaint, no other claims—including against additionally identified defendants in Plaintiff's July 5, 2022 motion—proceed at this time. *See* ECF Nos. 9, 11.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for a permanent injunction, ECF No. 3, be and the same is hereby **DENIED;**

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint, ECF No. 1, the Court's June 17, 2022 screening order, ECF No. 4, the Court's order on Plaintiff's motion to amend and for reconsideration, ECF No. 11, and this Order upon Defendants pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the Court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give Plaintiff information on how to remit payment. The Court is not involved in collection of the fee; and

**IT IS FURTHER ORDERED** that Defendants shall file a responsive pleading to the complaint.

Dated at Milwaukee, Wisconsin, this 14th day of November, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge